1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| VALERIE MARTEL, et al., | ) | Case No. 2:14-cv-00636-RCJ-NJK |
|---|---|---|
| Plaintiff(s), | ) | ORDER ADMONISHING C. CONRAD CLAUS |
| vs. | ) | |
| DALE L. CAIN, SR., | ) | ORDER SANCTIONING CARL JOERGER |
| Defendant(s). | ) | |

On July 18, 2014, the Court ordered Plaintiffs, Defendant and their counsel to show cause in writing, no later than July 25, 2014, why they should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f).  *See* Docket No. 12.[1]  Plaintiffs and their attorney (C. Conrad Claus) filed a response. Docket No. 13.  Defendant and his attorney (Carl Joerger) failed to respond to the order to show cause. For the reasons discussed more fully below, the Court hereby **ADMONISHES** C. Conrad Claus and hereby **SANCTIONS** Carl Joerger in a Court fine of $250.

**I.    STANDARDS**

Parties and attorneys are required to follow Court orders.  Rule 16(f) requires parties and attorneys to comply with pretrial orders and provides that a judge may order appropriate sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.  Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the

---

[1]  References to "Rules" hereafter refer to the Federal Rules of Civil Procedure.

1  parties and their counsel disobey a court order.  *See Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone,*
2  *Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is
3  unintentional).  Rule 16(f) "was designed not only to insure the expeditious and sound management of
4  cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that
5  could have been more productively utilized by litigants willing to follow the Court's procedures.'"
6  *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting
7  *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)).

8         The Court has broad discretion in fashioning the appropriate sanctions.  *See, e.g.*, *Official Airline*
9  *Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993).  The Court may impose any "just" sanctions
10  under Rule 16(f).  In determining the appropriate sanction, the Court notes that a primary objective of
11  Rule 16(f) is the deterrence of similar misconduct.  *Martin Family Trust*, 186 F.R.D. at 604.[2]

12  **II.     BACKGROUND**

13         On July 14, 2014, the parties submitted a proposed discovery plan.  Docket No. 10.  On July 15,
14  2014, the Court denied the proposed discovery plan and ordered that a new discovery plan be submitted
15  no later than July 17, 2014.  *See* Docket No. 11.  The parties failed to comply with that order.  On July
16  18, 2014, the Court issued the pending order to show cause why the parties and their counsel should not
17  be sanctioned for failing to comply with the July 15, 2014 order.  Docket No. 12.  Responses to the order
18  to show cause were due no later than July 25, 2014.  *See id.*  Although Plaintiffs and their counsel timely
19  responded to the order to show cause, Defendant and his counsel did not.

20  **III.    ANALYSIS**

21         A.     Defendant and Carl Joerger

22         Defendant and his attorney (Carl Joerger) have violated two clear Court orders.  They violated
23  the Court's July 15, 2014 order to timely file an amended discovery plan and they further violated the
24  order to show cause by failing to timely respond to it.  In light of the failure to respond to the order to
25  show cause, it appears that there is no justification for these shortcomings and that sanctions are

26  ───────────────

27         [2] Similarly, the Local Rules make clear that the Court may "impose any and all appropriate
28  sanctions" on attorneys who, without just cause, either fail to appear when required for argument on a
    motion or otherwise fail to comply with any order of the Court.  Local Rule IA 4-1.

warranted.  In the Court's view, it appears that Mr. Joerger as Defendant's attorney bears the brunt of the blame for not responding to the Court's orders given that he receives the notice of the Court orders rather than his client.  In light of the circumstances, the Court **SANCTIONS** Mr. Joerger in a Court fine of $250.  The sanction is personal to Mr. Joerger.  Payment of the $250 shall be made ***within ten days*** to the "Clerk, U.S. District Court."  Mr. Joerger shall submit proof of payment to the undersigned Judge's chambers within five days of payment.

B.    Plaintiffs and C. Conrad Claus

Plaintiffs and their attorney (C. Conrad Claus) did respond to the order to show cause.  Although not entirely clear, Mr. Claus argues primarily that he failed to comply with the July 15, 2014 order because he and his staff did not receive notice of its issuance.  *See* Docket No. 13.[3]  The Court takes very seriously representations from attorneys that they did not receive notice of a Court order.  The Court tracks the *sending* of the notices through its Notice of Electronic Filing ("NEF").  In this case, the NEF shows that the notice of the July 15, 2014 order was sent from the Court to Mr. Claus to two email address: paralegal@lawiswar.com, conrad@lawiswar.com.  In addition, however, the Court also tracks *delivery* of the NEFs to counsel through the Administrative Office's Case E-Mail Notification Tracking System ("CENTS").  In this case, the CENTS records show that the Court's notice was successfully delivered to the server for the above two email addresses.[4]

Together, the NEF and the CENTS records create significant evidence of proper delivery of the Court's notice.  In particular, the NEF alone establishes that notice was properly sent and creates a presumption of delivery and receipt.  *See American Boat Co. v. Unknown Sunken Barge*, 567 F.3d 348, 352-53 (8th Cir. 2009).  This presumption is not overcome based on a simple statement in a declaration that notice was not received.  *See, e.g.*, *Trustees of the Operating Eng'rs Pension Trust v. Maui One Excavating, Inc.*, 2013 WL 1908328, *2 (D. Nev. May 7, 2013) (finding such an assertion "plainly

---

[3] While that appears to be Mr. Claus's argument, the Court finds it notable that his declaration actually asserts "[t]hat I *did* receive the July 15, 2014, Order Denying the Discovery Plan and directive to submit an Amended Plan by July 17, 2014." Docket No. 13 at 2 (emphasis added).  The Court assumes this was a typographical error in light of the other assertions made.

[4] The NEF and CENTS records for Mr. Claus and his paralegal are attached to this order.

3

insufficient" to overcome presumption, and citing *Singh v. Arrow Truck Sales, Inc.*, 2006 WL 1867540, *1 (E.D. Cal. July 5, 2006)).  That is especially true when the CENTS records further confirm delivery. *Id.*

      In this case, the Court finds that Mr. Claus has failed to rebut the presumption of delivery created by the NEF and further confirmed by the CENTS record.  Mr. Claus has also failed to put forth any other justification for his violation of the July 15, 2014 order.  Nonetheless, in the circumstances of this case, the Court finds that a strong **ADMONISHMENT** of Mr. Claus is sufficient sanction to deter future misconduct.  The Court reminds Mr. Claus that he bears the responsibility of maintaining his CM/ECF account and reviewing and responding to Court orders. *See, e.g.*, *Cabrera v. New Albertson's, Inc.*, 2013 U.S. Dist. Lexis 101497, *4 (D. Nev. July 19, 2013).  Mr. Claus should expect future violations of Court orders to result in monetary sanctions.

## IV.    CONCLUSION

      For the reasons discussed more fully above, the Court hereby **ADMONISHES** C. Conrad Claus and hereby **SANCTIONS** Carl Joerger in a Court fine of $250.

      IT IS SO ORDERED.

      DATED: July 28, 2014

                                _____
                                NANCY J. KOPPE
                                United States Magistrate Judge

```
MIME-Version:1.0
```

```
Message-Id:<6731319@nvd.uscourts.gov>
Subject:Activity in Case 2:14-cv-00636-RCJ-NJK Martel et al v Cain Order
```
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

## United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 7/15/2014 at 3:15 PM PDT and filed on 7/15/2014

| | |
|---|---|
| **Case Name:** | Martel et al v Cain |
| **Case Number:** | 2:14-cv-00636-RCJ-NJK |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**
**ORDER that [10] Proposed Discovery Plan/Scheduling Order is DENIED. Signed by Magistrate Judge Nancy J. Koppe on 7/15/14. (Copies have been distributed pursuant to the NEF - MMM)**

**2:14-cv-00636-RCJ-NJK Notice has been electronically mailed to:**

Carl M Joerger Carlmjoerger@outlook.com

Christian Conrad Claus paralegal@lawiswar.com, conrad@lawiswar.com

**2:14-cv-00636-RCJ-NJK Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document

**Original filename:** n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1101333072 [Date=7/15/2014] [FileNumber=6731317-0
] [31fae401639187a26b7757a28dd896a5148fbed1e69f0c56cd11affa2ee64e5578f
f0ec60bc986c1f57d1e92bd289705b1b91607f8bb59e669413fd9400538ac]]



# CENTS Message Details

**Change Password**   **Change Secret Question**   **Start a Search**   **Contact Us**   **Search Tips**



[Back]   Select Recipient Name:   Start a New Search

paralegal@lawiswar.com - 1010 ▼

## Envelope and Header Information

**Sender:** cmecf@nvd.uscourts.gov

**Recipients:** paralegal@lawiswar.com

**Subject:** Activity in Case 2:14-cv-00636-RCJ-NJK Martel et al v Cain Order

**Message-ID Header:** 6731319@nvd.uscourts.gov

**Message Size:** 2.96 (KB)

**Ironport Host:** 156.119.101.22

**Message Timestamp:** 07/15/14 18:16:52 -07

**Sending Host IP Address:** 156.131.15.135

## Message Delivery Information

07/15/14 18:16:54 -07   Message Successfully delivered to paralegal@lawiswar.com at 74.125.25.27. Response '2.0.0 OK 1405462613 qe5si12812887pac.103 - gsmtp'

Logged in as: guest@nvd.uscourts.gov (Logout)

Questions/Comments? Contact your support help desk

AO-DTS/OSDS-SD
7550 IH-10 West, Suite 1100
San Antonio, TX 78229-5818



# CENTS Message Details

**Change Password    Change Secret Question    Start a Search    Contact Us    Search Tips**



[Back]     Select Recipient Name:              Start a
          conrad@lawiswar.com - 1010          New
                                              Search

## Envelope and Header Information

**Sender:** cmecf@nvd.uscourts.gov

**Recipients:** conrad@lawiswar.com

**Subject:** Activity in Case 2:14-cv-00636-RCJ-NJK Martel et al v Cain Order

**Message-ID Header:** 6731319@nvd.uscourts.gov

**Message Size:** 2.96 (KB)

**Ironport Host:** 156.119.101.22

**Message Timestamp:** 07/15/14 18:16:52 -07

**Sending Host IP Address:** 156.131.15.135

## Message Delivery Information

07/15/14 18:16:53 -07    Message Successfully delivered to conrad@lawiswar.com at 74.125.25.27. Response '2.0.0 OK 1405462613 qe5si12812887pac.103 - gsmtp'

Logged in as: guest@nvd.uscourts.gov (Logout)

Questions/Comments? Contact your support help desk

AO-DTS/OSDS-SD
7550 IH-10 West, Suite 1100
San Antonio, TX 78229-5818